# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

CRYSTAL CATO, )
)
    Plaintiff, )
)
v. ) CV424-193
)
FRANK BISIGNANO, )
Commissioner of Social Security, )
)
    Defendant. )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 15, to which Plaintiff has objected, doc. 16, and the Commissioner has responded, doc. 17. Plaintiff does not object to the Magistrate Judge's analysis of the ALJ's consideration of her evidence regarding the impact of the side effects of her medications on her ability to work. *See* doc. 15 at 6-8; *see generally* doc. 16. Plaintiff does object to the Magistrate Judge's analysis of the ALJ's consideration of her evidence of absenteeism and its impact on her ability to work. *See* doc. 15 at 8-10; doc. 16 at 1-3.

Plaintiff's objection focuses on the Report and Recommendation's reliance on the Eleventh Circuit's unpublished decision in *Cherkaoui v.*

*Commissioner of Social Security*, 678 F. App'x 902, 904 (11th Cir. 2017), arguing it was wrongly decided. *See* doc. 16 at 1-2. In *Cherkaoui*, the Court reasoned that "whether the number of medical appointments affects [claimant's] ability to work is not an appropriate consideration for assessing her residual functional capacity" since "[t]he number of medical appointments she attended is not a functional limitation caused by her impairments that would affect her physical or mental capabilities." *Cherkaoui*, 678 F. App'x at 904. The Magistrate Judge found this case "instructive and persuasive." Doc. 15 at 9.

The Magistrate Judge similarly found persuasive the appellate court's unpublished decision in *Blackmon v. Commissioner of Social Security*, *see* doc. 15 at 9-10, where the Court found no error in the ALJ's failure to include absenteeism as a limitation, despite the "extraordinary number of visits and hospitalizations documented in the record," because "nothing in the record show[ed] that [claimant] could not schedule future appointments outside of work hours, schedule more than one appointment per day, or schedule appointments on her off days, which would minimize the need to miss work." 2024 WL 3495022, at *7 (11th Cir. July 22, 2024). Applying the rationale from both

2

*Cherkaoui* and *Blackmon*, the Magistrate Judge determined that the ALJ affording Plaintiff one day per month of absenteeism "does not justify remand," since her prior medical appointments do not dictate her functional limitations, and Plaintiff had not otherwise demonstrated that she could not attend her appointments during times outside working hours. Doc. 15 at 10.

The Magistrate Judge appropriately applied persuasive Eleventh Circuit authority in reaching his recommendation. That Plaintiff disagrees with the Eleventh Circuit's rationale in *Cherkaoui* does not alter its persuasiveness. Additionally, as the Commissioner's response to Plaintiff's objection points out, doc. 17 at 3, the Eleventh Circuit has now cited favorably to *Cherkaoui* in a binding, published opinion, *Malak v. Commissioner of Social Security*, 131 F.4th 1280, 1286-87 (11th Cir. 2025). There, the Court held that "a claimant's medical appointments and whether those appointments affect the claimant's ability to work are not appropriate factors for the ALJ to consider when addressing the claimant's RFC." *Id.* at 1287. Therefore, the Magistrate Judge correctly concluded that, as in *Malak*, Plaintiff here "cannot use her

3

previous medical appointments to argue that her RFC would have been different had those appointments been considered." *Id.*

For the forgoing reasons, the objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Doc. 15. The Commissioner's final decision is **AFFIRMED**. The Clerk of Court is **DIRECTED** to **CLOSE** this Case.

SO ORDERED this 26 day of August, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4